[S. F. No. 2692.   Department One.—June 18, 1903.]

JEAN LIURETTE, Respondent, v. SARAH F. HILLER
et al., Appellants.

APPEAL—REVIEW OF EVIDENCE—LACK OF SPECIFICATION.—Though this
court is willing liberally to construe the statutory requirement
of specification of particulars in which it is claimed that the
evidence is insufficient to justify the verdict, where the specification
is sufficient in statement to advise opposing counsel and the trial
court of the grounds of attack, so that they may determine what
should be put in the statement,—it cannot entirely disregard the
statute, and will not review the evidence on any point upon which
there is the entire absence of such a specification.

ID.—ACTION FOR CONVERSION—SUFFICIENCY OF EVIDENCE.—In an action
for damages for alleged conversion, the question of the insufficiency
of the evidence to show a conversion of plaintiff's property by the
defendants cannot be considered, where there is absolutely no
specification referring in the remotest degree to the question of
such conversion.

ID.—EVIDENCE—VALUE OF PROPERTY—PRICES AT SHERIFF'S SALE.—
Alleged error in refusing to allow evidence for the defendants to
prove the prices which the property in controversy brought at
sheriff's sale, as tending to show the value of the property con-
verted, is not ground of reversal, where the record shows that such
prices were proved by one of defendants' witnesses.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Charles S. Peery, P. G. Galpin, and Galpin & Bolton, for
Appellants.

L. F. Dunand, and John J. Roche, for Respondent.

ANGELLOTTI, J.—This is an action for damages.   The
complaint alleges that the defendants unlawfully, and with
force, and against the will of plaintiff, ejected him from cer-
tain land and premises occupied by him in the business of
retail liquor and tobacco dealer, and without his consent took
and carried off and converted to their own use all his goods,
wares, and merchandise, to his damage in the sum of fifteen
hundred dollars, and have ever since said time kept him so

ejected from said premises, and that his business has been wholly destroyed to his further damage in the sum of twenty-five hundred dollars. The answer denies these allegations.

The action was tried by jury, and a verdict was returned for plaintiff in the sum of five hundred dollars, upon which judgment was entered. On motion for a new trial, the trial court required plaintiff, as a condition precedent to the denial of the motion, to remit two hundred dollars, and, this having been done, the judgment was reduced by deducting therefrom two hundred dollars, and the motion for a new trial was denied. Defendants appeal from the judgment and order denying a new trial.

The appeal is apparently entirely destitute of merit. But two points are made in appellants' brief, the first being that the evidence fails to show any conversion of plaintiff's property by defendants. It would serve no useful purpose to discuss the evidence on this point, for there is absolutely no specification of insufficiency in the statement referring even in the remotest degree to the question of conversion of this property. This court has in recent cases shown a willingness to liberally construe the statutory requirement of specifications of the particulars in which it is claimed the evidence is insufficient to justify the verdict, but it has never intimated that it will look into the question of the sufficiency of the evidence upon any point as to which there is not a specification sufficient in statement to advise opposing counsel and the trial court of the grounds upon which the attack is to be made, so that they may determine what should be put into the statement. To consider the question of the insufficiency of the evidence in the absence of such a specification would be to entirely disregard the statute.

The only other point made by appellants is, that the trial court refused to allow the defendants to prove the prices which the property in question brought at the subsequent sheriff's sale, it being claimed that such testimony was some evidence of value. The record shows that such prices were proved by one of defendants' witnesses.

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concurred.